NO. 07-03-0485-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 25, 2005

______________________________

DENNIS WATTS, INDIVIDUALLY AND D/B/A SENIOR BENEFIT PLANS

AND D/B/A PROFESSIONAL FINANCIAL SERVICES OF LUBBOCK;

AND NATHAN GRIMES, INDIVIDUALLY AND D/B/A

PROFESSIONAL FINANCIAL SERVICES OF LUBBOCK, APPELLANTS

V.

QUEEN ANNIE LAWSON, APPELLEE

_________________________________

FROM THE 110
TH
 DISTRICT COURT OF FLOYD COUNTY;

NO. 9424; HONORABLE JOHN R. HOLLUMS, JUDGE

_______________________________

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.
(footnote: 1)
CONCURRING OPINION

I concur in the Court’s judgment, though I cannot join in its opinion finding that the judgment of the trial court can be sustained on the theory that Watts and Grimes were engaged in a joint enterprise.  Like the relationships among the participants in
 St. Joseph Hosp. v. Wolff
, 94 S.W.3d 513 (Tex. 2002), the evidence here shows that Watts and Grimes had different agreements and understandings, encompassing their ongoing insurance business as well as their business of marketing telephone investments.  There may be more than one way in which the “enterprise” involved here could be defined.  
See id
. at 529.  Regardless how it is defined, though, I believe that the element of a “community of pecuniary interest” is missing.  
See id
. at 531-34.

The trial court’s judgment can be sustained, though, on a civil conspiracy theory. Watts argues on appeal that the trial court’s findings of fact contain none of the elements required to establish a civil conspiracy, and all the elements cannot be presumed, under Rule of Civil Procedure 299.  The elements of a civil conspiracy are (1) a combination of two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result.  
Operation Rescue-National v. Planned Parenthood of Houston and Southeast Tex., Inc.
, 975 S.W.2d 546, 553 (Tex. 1998). 

By finding of fact 8, the court found that Watts and Grimes “acted together and conspired together to engage in the sale of pay telephone leases and shared the commissions on consummation of any sales.”
(footnote: 2)  That finding includes at least the elements of a combination and an object to be accomplished.  Too, the court’s conclusion of law 17 states, “On the occasion in question, Dennis Watts and Nathan Grimes were part of a conspiracy that damaged Queen Annie Lawson.”  That conclusion, which perhaps could as well be denominated a finding of fact, tracks the Pattern Jury Charge question on civil conspiracy.
(footnote: 3)  Rule 299 does not render the judgment insupportable on a civil conspiracy theory. 

The object of a civil conspiracy may be a lawful act that is to be accomplished by unlawful means.  
Triplex Communications, Inc. v. Riley
, 900 S.W.2d 716, 719 (Tex. 1995).  For a civil conspiracy to arise, the parties must be aware of the harm or wrongful conduct at the inception of the combination or agreement.  
Id. See Schlumberger Well-Surveying Corp. v. Nortex Oil & Gas Corp.
, 435 S.W.2d 854, 856-57 (Tex. 1968).  I agree with the Court’s holding that the trial court’s conclusion that Watts and Grimes violated the Deceptive Trade Practices Act is supported by legally and factually sufficient evidence.  The evidence further shows that the means Grimes employed in marketing the telephones to Mrs. Lawson were the means that he and Watts agreed they would employ in their marketing efforts. It is undisputed that Grimes told Lawson the telephone investment would return 14.1% per annum.  That statement appears in the promotional leaflet referred to in the Court’s opinion, which carried the name of Watts’s company Senior Benefit Plans of Lubbock, as well as in other literature provided by Phoenix Telecom and used by Watts and Grimes.  The trial court’s findings support a judgment holding Watts vicariously liable for Grimes’s actions with respect to Lawson, based on a civil conspiracy, and the evidence is legally and factually sufficient to sustain those findings.      

James T. Campbell

         Justice

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

2:
As the Court’s opinion notes, Watts received a commission on sales of the telephones made by Grimes.

3:
Comm. on Pattern Jury Charges, State Bar of Texas, Texas Pattern Jury Charges–Business, Consumer, Insurance & Employment, PJC 109.1 (2003).  
See
 
Gutierrez v. Gutierrez
, 791 S.W.2d 659, 667 (Tex.App.–San Antonio 1990, no writ) (noting analogy between findings of fact and jury questions, and that it “would be strange indeed to require judges to make findings in minute detail while requiring jury questions to be framed broadly”).